THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALLEY FORGE INSURANCE
COMPANY,

Plaintiff,

v.

KING HONG INDUSTRIAL COMPANY
LIMITED,

Defendant.

CASE NO. C12-0520-JCC

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on Defendant King Hong Industrial Company Limited's motion for summary judgment (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART and DENIES IN PART the motion for the reasons explained herein.

I.   **BACKGROUND**

This case arises out of an injury sustained by David Abrams when the chair he was sitting on allegedly collapsed. (Dkt. No. 1 at 3 ¶ 4.4.) Blackburn Office Equipment, Inc. was the alleged retail seller of the chair. (*Id.*) Blackburn had allegedly purchased the chair from Office Master Inc., which itself had purchased the chair from King Hong.[1] (*Id.*) After receiving the chair from

---

[1] King Hong represents that, "for purposes of this Motion, the Court may assume Plaintiff will be able to prove" that King Hong manufactured the chair. (Dkt. Nos. 22 at 4, 18 at 3 n.1.)

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 1

King Hong, Office Master had removed the chair from its packaging, upholstered it, and re-branded it as an "Office Master" product, before re-packaging it and selling it to Blackburn. (*Id.*; Dkt. No. 20 Ex. B at 10.) Abrams sued Office Master for injuries he sustained when the chair collapsed. (Dkt. No. 1 at 3 ¶ 4.6.) Plaintiff Valley Forge Insurance Company was Office Master's insurer. (*Id.*) Valley Forge paid for Office Master's defense and ultimately settled Abrams' claims against Office Master for $600,000. (*Id.* at 3–4 ¶¶ 4.6 & 4.8.) As part of the settlement agreement, Abrams assigned any rights he had against King Hong to Valley Forge. (*Id.* at 3–4 ¶ 4.8.)

Valley Forge then brought the instant suit against King Hong. Valley Forge claims that (1) King Hong is "directly liable" under the Washington Products Liability Act ("WPLA") to Valley Forge (a) "as subrogee of Office Master[]" and (b) "as assignee of all claims of David Abrams for personal injury against King Hong"; (2) King Hong is liable to Valley Forge for breaching "all applicable warranties under the Uniform Commercial Code"; and (3) Valley Forge is entitled to recover from King Hong the $600,000 settlement amount, plus interest and the cost of defense it provided Office Master, "by way of equitable indemnity, subrogation and indemnity." (*Id.* at 4–6 §§ V–VII.)

## II.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *see* Fed. R. Civ. P. 50(a) (court may grant judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue"). The party moving for summary judgment has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the burden shifts to the non-moving party to designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, a court

draws all inferences in the light most favorable to the party opposing the motion. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir. 1980).

### B.   Washington Products Liability Act Claims

#### 1.   Valley Forge's Claim as Subrogee of Office Master

Valley Forge, "as subrogee of Office Master[]," seeks to hold King Hong liable for violating the WPLA. (Dkt. No. 1 at 5 ¶ 5.10, 4 ¶ 5.3.) "The WPLA explicitly confines recovery to physical harm suffered by persons and property and leaves purely economic loss to the UCC. . . . Particular damages may be remediable in tort as well as in contract, but if the damages fall on the contract side of the line and are more properly remediable in contract, tort recovery is precluded." *Hofstee v. Dow*, 36 P.3d 1073, 1076 (Wash. Ct. App. 2001) (citations omitted). Here, the damages Office Master (Valley Forge) seeks from King Hong to compensate it for the damages it paid to Abrams "fall on the contract side of the line"—they are consequential damages caused by King Hong's alleged breach of UCC warranties. They are not WPLA damages. Summary judgment for King Hong on this claim is thus GRANTED. The Court discusses Valley Forge's UCC breach-of-warranties claim *infra*.

#### 2.   Valley Forge's Claim as Assignee of Abrams

Valley Forge, "as assignee of all claims of David Abrams," seeks to hold King Hong liable under the WPLA "for [Abrams'] personal injury." (Dkt. No. 1 at 5 ¶ 5.11, 4 ¶ 5.3.) Under the WPLA, the general rule (to which there are exceptions) is that "a product seller other than a manufacturer is liable to the claimant only if the claimant's harm was proximately caused by" the seller's negligence, breach of an express warranty, or intentional misrepresentation. Wash. Rev. Code § 7.72.040(1). One exception is that such a product seller "shall have the liability of a manufacturer to the claimant if . . . [t]he product was marketed under a trade name or brand name of the product seller." *Id.* § 7.72.040(2)(e). Office Master was such a product seller here: It marketed the chair under its own brand name and so was liable as a manufacturer to Abrams. Valley Forge, as Office Master's insurer, settled that manufacturer-liability claim with Abrams

1    on behalf of Office Master.

2         The question is whether, after that settlement, a claim by Abrams against King Hong, the

3    *actual* manufacturer of the chair, remains. It does not. That is because the WPLA "created a

4    statutory form of *vicarious* liability that enables the claimant injured by a defectively

5    manufactured product to recover *fully* from the product seller where," as here, "the seller branded

6    the product as its own." *Johnson v. Recreational Equip., Inc.*, 247 P.3d 18, 22 (Wash. Ct. App.

7    2011) (emphasis added). Here, Abrams settled his WPLA claim of "liability of a manufacturer"

8    when he settled with Office Master, because Office Master, as the chair re-brander, "ha[d] the

9    liability of a manufacturer." Wash. Rev. Code § 7.72.040(2)(e). While Office Master (Valley

10   Forge) may have indemnification or breach-of-warranty claims against King Hong, *see infra*, it

11   does not, by virtue of standing in the shoes of Abrams, have a WPLA manufacturer-liability

12   claim against King Hong. The settlement extinguished Abrams' manufacturer-liability claim.

13   Summary judgment for King Hong on this claim is thus GRANTED.

14        **C.    Claims for Breach of UCC Warranties**

15        Valley Forge, as subrogee of Office Master, alleges that King Hong is liable to it for

16   breaching "all applicable warranties under the Uniform Commercial Code," including the

17   implied warranties of merchantability and fitness for a particular purpose. (Dkt. No. 1 at 6 ¶¶ 7.3

18   & 7.4; *see* Wash. Rev. Code §§ 62A.2-314 & 62A.2-315.) King Hong argues that allowing

19   Office Master (Valley Forge) to sue King Hong for breaching its UCC implied warranties would

20   "render [WLPA § 7.70.040(2)(e)] meaningless" by "provid[ing] an 'escape clause' to rebranding

21   product sellers—effectively contravening the purpose of the Rebranding Provision" in that "the

22   rebranding product seller would <u>always</u> be able to shirk its [manufacturer] liability under [§]

23   7.70.040(2) and recover its settlement proceeds from the manufacturer by resorting to the UCC."

24   (Dkt. No. 22 at 2.) King Hong argues that the Washington Court of Appeals foreclosed the

25   availability of such an "escape clause" in *Johnson*.

26        Not so. *Johnson* held only that a rebranding product seller could not require a jury to

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 4

apportion fault between the rebranding seller and the manufacturer for a WLPA manufacturer-liability claim by the injured consumer. The court reasoned that, "[b]ecause [the rebranding seller] is vicariously liable for [the manufacturer's] acts, the basis of both entities' alleged liability is the same," and so the jury could not be required to "allocate[] . . . *the same* fault . . . aris[ing] from the same acts." *Johnson*, 247 P.3d at 25. But a rebranding seller's vicarious liability for the acts of a manufacturer under the WLPA does not render the manufacturer immune from suit by the rebranding seller. Indeed, the trial court in *Johnson* allowed the rebranding seller to join the manufacturer as a third-party defendant and state a claim against it for contribution. *Id.* at 21. *Johnson* thus does not stand for the proposition that when a rebranding seller seeks to hold the manufacturer liable for its alleged breach of UCC warranties, it is "shirk[ing] its liability under [WLPA §] 7.70.040(2)." To the contrary, here, Office Master fully satisfied its WLPA manufacturer liability to Abrams by settling. Neither *Johnson* nor § 7.70.040(2)(e) stops Office Master (Valley Forge) from now coming after King Hong for breach of warranties it impliedly made to Office Master. Summary judgment for King Hong on Valley Forge's breach-of-warranties claim is DENIED.

### D. Indemnification Claims

Valley Forge alleges that "Valley Forge, standing in the shoes of Office Master Inc., is entitled to recovery of the $600,000 it paid in settlement of the personal injury claims of David Abrams by way of equitable indemnity, subrogation and indemnity." (Dkt. No. 1 at 5 ¶ 6.3.) "Indemnity in its most basic sense means reimbursement . . . and may lie when one party discharges a liability which another should rightfully have assumed." *Cent. Wash. Refrigeration, Inc. v. Barbee*, 946 P.2d 760, 762 (Wash. 1997). The Washington Tort Reform Act of 1981 abolished the "common law right of indemnity between active and passive tort feasors." Wash. Rev. Code § 4.22.040(3). However, "a contractual relationship under the U.C.C., with its implied warranties, provides sufficient basis for an implied indemnity claim when the buyer incurs liability to a third party as a result of a defect in the goods which would constitute a breach of the

1    seller's implied or express warranties." *Barbee*, 946 P.2d at 764.

2          King Hong argues that implied indemnification is not available to Office Master (Valley

3    Forge) because "Office Master statutorily assumed the liability of King Hong under RCW

4    7.72.040(2)(e) when it chose to re-brand the chair as its own product. Therefore, the liability it

5    discharged by settling with Plaintiff Abrams was <u>Office Master's own liability</u>, not the liability

6    of King Hong." (Dkt. No. 22 at 4). Thus, King Hong argues, Office Master's liability to Abrams

7    was not "a liability which [King Hong] should rightfully have assumed." *Barbee*, 946 P.2d at

8    762. That Office Master discharged its manufacturer liability under the WLPA does not mean

9    that a court, in equity, could not find that King Hong should reimburse Office Master for the

10   money it paid Abrams. *See id.* at 762 n.2 ("Conceptually, implied indemnification finds its roots

11   in the principles of equity. It is nothing short of simple fairness to recognize that a person who, in

12   whole or in part, has discharged a duty which is *owed by him* but which as between himself and

13   another *should have been discharged by the other*, is entitled to indemnity. To prevent unjust

14   enrichment, courts have assumed the duty of placing the obligation where in equity it belongs.")

15   (quoting *McDermott v. City of New York*, 406 N.E.2d 460, 462 (N.Y. 1980)) (quotation marks,

16   citation, and indications of alteration omitted; emphasis added). Summary judgment for King

17   Hong on Valley Forge's indemnification claim is thus DENIED. (This claim may turn out to be

18   duplicative of the breach-of-warranties claim, *see, e.g.*, *Barbee*, 946 P.2d at 764–65 (plaintiff

19   pursued implied indemnification claim because breach-of-UCC-warranties claim was barred by

20   statute of limitations), but that is not a reason to dismiss it.)

21         Finally, King Hong argues that Valley Forge "has no right to contribution from King

22   Hong" and so "Valley Forge's contribution claim should be dismissed." (Dkt. No. 22 at 5.)

23   Valley Forge's complaint does not state a claim for contribution. King Hong's argument is moot.

24   **III.   CONCLUSION**

25         For the foregoing reasons, King Hong's motion for summary judgment (Dkt. No. 18) is

26   GRANTED IN PART and DENIED IN PART.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

1    DATED this 20th day of November 2012.

2

3

4

5

6

7

8                                   John C. Coughenour
                                   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 7